**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN BORENSTEIN,

             Plaintiff-Appellant,

v.

LEAD ANIMAL SHELTER ANIMAL
FOUNDATION; et al.,

             Defendants-Appellees.

No.   19-17310

D.C. No.
2:19-cv-00985-APG-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted June 10, 2020
San Francisco, California

Before:  MILLER and HUNSAKER, Circuit Judges, and RAYES,** District Judge.

Brian Borenstein alleges that while he was hospitalized, his service dog,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Mana, was placed with The Animal Foundation (TAF),[1] a non-profit animal shelter. After nearly three weeks, TAF made Mana available for adoption and placed him with a new family. Borenstein claims that TAF violated Title III of the Americans with Disabilities Act (ADA) by not holding Mana longer so that Borenstein could reclaim him.[2] Borenstein moved the district court for a preliminary injunction requiring TAF to return Mana to him, which the district court denied. Borenstein appeals that decision.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review the district court's decision to deny a preliminary injunction for an abuse of discretion. *Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 911 (9th Cir. 2014). In doing so, we review legal conclusions *de novo* and factual findings for clear error. *Id.* We affirm.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

---

[1] TAF, which operates Lied Animal Shelter, was incorrectly designated in Borenstein's original *pro se* complaint as "Lead Animal Shelter Animal Foundation.

[2] The operative complaint for purposes of this appeal is Borenstein's original complaint, not the First Amended Complaint that he filed while the appeal was pending. Even when construed liberally, Borenstein's original complaint alleges only an ADA claim.

is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When a plaintiff does not establish a likelihood of success on the merits, we need not reach the other *Winter* factors. *See id.* The district court correctly determined that Borenstein was not likely to succeed on the merits of his ADA claim because his requested relief—a mandatory injunction undoing an alleged past act of discrimination—is not the type of preventative relief authorized by Title III. *See* 42 U.S.C. § 2000a-3 ("a civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved"); *see also Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014). To the extent that Borenstein seeks a more general injunction requiring TAF to change its placement policies, that request is not before us in this interlocutory appeal.

**AFFIRMED.**